**AFFIRMED and Opinion Filed November 1, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00949-CR

**JAVARIUS JAYE ERVING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1620637-I**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Javarius Jaye Erving appeals his conviction for family violence assault. In a single issue, appellant contends the evidence is insufficient to support the trial court's finding of true to the punishment enhancement paragraph alleged in the indictment. We affirm the trial court's judgment.

On September 30, 2016, appellant waived his right to a jury trial and signed a negotiated plea of guilty to the third-degree felony offense of family violence assault with a previous conviction for family violence assault. Appellant additionally pleaded true to the punishment enhancement paragraph in the indictment that alleged a previous conviction for engaging in organized criminal activity. Appellant

acknowledged that the punishment range for the charged offense was two to twenty years' confinement with an optional fine not to exceed $10,000. The trial court admitted appellant's signed judicial confession into evidence. The confession tracked the language of the indictment, including the punishment enhancement paragraph.

The trial court accepted appellant's guilty plea and found the evidence substantiated his guilt for the charged offense. The court further found the enhancement paragraph to be true and placed appellant on seven years' deferred adjudication probation.

Approximately two years later, the State moved to revoke appellant's probation and proceed with an adjudication of guilt. The State alleged appellant had committed eleven violations of the conditions of his probation, including the commission of multiple new offenses. Appellant pleaded not true to the alleged violations.

Following a hearing, the trial court found all the alleged probation violations true except for two regarding appellant's payment of fees. Before announcing the sentence, the trial court reminded appellant that he had pleaded guilty to the charged offense and true to the enhancement paragraph. The court then sentenced appellant to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brought this appeal.

In a single issue, appellant contends he is entitled to a new trial on punishment because the evidence is insufficient to sustain the trial court's finding of true to the punishment enhancement paragraph in the indictment. Appellant argues that, based on the wording of the indictment, the enhancement paragraph could not possibly be true.

The indictment alleges that, on April 12, 2016, appellant intentionally, knowingly, and recklessly caused bodily injury to a woman with whom he was in a dating relationship by striking her with his hand. The indictment further alleges that, before appellant committed this assault, he was convicted of family violence assault on February 17, 2010, and this prior conviction rendered appellant's current assault a third-degree felony. In a separate section entitled "Enhancements," the indictment alleges that "prior to the commission of the offense or offenses set out above," the defendant was finally convicted on November 18, 2011 of the felony offense of engaging in organized criminal activity. Appellant argues that, because his 2011 organized crime conviction could not have occurred before he committed the family violence assault resulting in the 2010 conviction, it was impossible for the State to prove the allegations in the indictment. We disagree.

Under section 12.42 of the Texas Penal Code, the State may seek to have a defendant's punishment enhanced by showing he is a repeat or habitual offender. TEX. PENAL CODE ANN. § 12.42. To support punishment enhancement, the State must show the defendant was finally convicted of a felony other than a state jail

–3–

felony before committing the offense with which he is currently charged. *Id.* § 12.42. When the State alleges more than one punishment enhancement offense, it is required to prove the defendant was finally convicted of the earlier enhancement offense before committing the subsequent enhancement offense. *Id*. § 12.42(d). Here, however, the State alleged only one enhancement offense.

Appellant was charged with the third-degree felony offense of family violence assault with a previous conviction for family violence assault. *See id.* § 22.01(b)(2) (setting forth the elements of the offense). This single offense, when enhanced by appellant's previous felony conviction for engaging in organized criminal activity, made appellant's third-degree felony offense punishable as a second-degree felony. *See id*. § 12.42(a). Appellant cites no authority to support his argument that the State was required to prove he was finally convicted of the enhancement offense before he committed the family violence offense resulting in the conviction alleged as an element of his current assault charge. The State was required to show only that appellant was finally convicted of the alleged enhancement offense before he committed the current assault with which he was charged. *See id*. § 12.42(a); *Elliott v. State*, No. 14-96-01182-CR, 1998 WL 78135, at * 3 (Tex. App.—Houston [14th Dist.] Feb. 26, 1998, no pet.) (not designated for publication). Appellant does not dispute that the evidence submitted by the State was sufficient to prove this.

Appellant argues the wording of the indictment changed the State's burden of proof. Appellant contends that, because the indictment alleged he was convicted of

the enhancement offense "prior to the commission of the offense *or offenses* set out above," the State necessarily had to show he was finally convicted of the enhancement offense before he committed the previous family violence offense. But the 2010 family violence conviction is an element of the offense with which appellant was charged. *See* TEX. PENAL CODE ANN. § 22.01(b)(2). Accordingly, only one offense, the assault committed on April 12, 2016, is "set out above" the enhancement offense. To the extent appellant contends the wording of the indictment was ambiguous or unclear, he has waived that complaint by failing to object to the indictment before trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14.

We resolve appellant's sole issue against him. We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200949F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JAVARIUS JAYE ERVING,
Appellant

No. 05-20-00949-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1620637-I.
Opinion delivered by Justice
Reichek. Justices Osborne and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered November 1, 2021